## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| BRANDI KOCHAN, on behalf of herself and all others similarly situated, | Case No. |
| PLAINTIFF, | **JURY TRIAL DEMANDED** |
| - AGAINST - | |
| OGLETHORPE UNIVERSITY, | |
| DEFENDANT. | |

## CLASS ACTION COMPLAINT

Plaintiff Brandi Kochan ("Plaintiff"), by and through the undersigned counsel, brings this class action against Defendant Oglethorpe University ("Oglethorpe," the "University," or "Defendant"), and alleges as follows based upon information and belief, except as to the allegations specifically pertaining to her, which are based on personal knowledge.

## NATURE OF THE ACTION

1.     This is a class action lawsuit on behalf of all persons who paid tuition and/or fees to attend Oglethorpe for an in-person, hands-on educational services and experiences during the Spring 2020 semester and other semesters or terms affected by Coronavirus Disease 2019 ("COVID-19"), and had their course work moved to

online only learning.

2.     Such individuals paid all or part of the tuition for an average semester tuition that was around $19,650.00 for undergraduate students, and mandatory Activity Fee of $140.00 ("Mandatory Fees").

3.     Oglethorpe has not refunded any amount of the tuition or any of the Mandatory Fees, even though it implemented online only distance learning starting in or around Mid-March 2020.

4.     Because of the University's response to the COVID-19 pandemic, on or about Mid-March 2020, the University also stopped providing any of the services or facilities the Mandatory Fees were intended to cover.

5.     In a public release on March 12, 2020, Oglethorpe announced that it would cancel classes from March 16, 2020 through March 22, 2020 and would resume classes remotely for the remainder of the semester on March 23, 2020.[1]

6.     The University's failure to provide the services for which tuition and the Mandatory Fees were intended to cover since approximately March 16, 2020 is a breach of the contracts between the University and Plaintiff and the members of the Class, and it is unjust.

7.     In short, Plaintiff and the members of the Class have paid for tuition for

---

[1] https://web.archive.org/web/20201001164742/https://source.oglethorpe.edu/2020/03/12/important-announcement-to-oglethorpe-community-covid-19/ (last visited Mar. 14, 2024).

an on-campus, in-person educational services and access, and were deprived of those experiences and services without a refund, which constitutes a breach of the contracts entered into by Plaintiff and the Class with the University.

8.  As to the Mandatory Fees, Plaintiff and the Class have paid fees for services and facilities which were simply not provided.

9.  Rather than offer partial refunds, credits, or discounts to students like Plaintiff and balance the financial difficulties associated with COVID-19, the University has instead elected to place the financial burden entirely upon its students by charging and retaining the full tuition and full fees when the services the University provided were not the full educational opportunities, experiences, and services that Plaintiff and the Class agreed to or paid for.

10.  Plaintiff does not challenge the University's compliance with the COVID-19 orders that were in place. Rather, Plaintiff challenges the University's decision to retain monies paid by students like Plaintiff and refuse to offer any refunds, provide any discounts, or apply any credit to Plaintiff's and class members' accounts when the University failed to provide in-person and on-campus services the students bargained for.

11.  The University's actions are unlawful, inequitable, and unjust.

12.  Plaintiff seeks, for herself and Class members, the University's disgorgement and return of the prorated portion of its tuition and Mandatory Fees,

proportionate to the amount of time in the respective semesters when the University closed and switched to online only learning.

13.     Plaintiff seeks, for herself and the Class members, protections including injunctive and declaratory relief protecting Class Members for paying the full cost of tuition and fees during the pendency of the pandemic in light of the educational services, opportunities, and experiences Defendant can actually safely provide.

## **PARTIES**

14.     Plaintiff Brandi Kochan was an undergraduate student during the Spring 2020 semester. For the Spring 2020 semester, Oglethorpe charged Plaintiff approximately $19,650.00 in tuition and $140.00 for an Activity Fee.

15.     Plaintiff Kochan is a resident of Norcross, Georgia.

16.     Plaintiff Kochan paid tuition and fees for in-person educational services, experiences, opportunities, and other related collegiate services. Plaintiff Kochan has not been provided a prorated refund of the tuition for her in-person classes that were discontinued and moved online, or the Mandatory Fees she paid after the University's facilities were closed and events were cancelled.

17.     Defendant Oglethorpe is a private university in Brookhaven, Georgia that was founded in 1835. The University offers numerous major fields for undergraduate students, as well as a number of graduate programs.

18.     Defendant's undergraduate and graduate programs include students

from many, if not all, of the states in the country.  Its campus is located in Brookhaven, Georgia. Defendant is a citizen of Georgia.

## JURISDICTION AND VENUE

19.    This Court has original jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)(A), because the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, and is a class action in which one or more of the other Class members are citizens of a State different from the Defendant.

20.    This Court has personal jurisdiction over Defendant because it resides in this District.

21.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1), because Defendant resides in this District and is a resident of the state in which the District is located.

## FACTUAL ALLEGATIONS.

22.    Plaintiff and Class Members paid to attend Oglethorpe's Spring 2020 semester including tuition and the Mandatory Fees. The Spring 2020 semester started on Jan. 6, 2020 and ended on May 5, 2020.

23.    Tuition at the University was approximately $19,650.00 per semester for undergraduate students, and Mandatory Fees of approximately $140 for an Activity Fee.

24.    Plaintiff and the members of the Class paid tuition for the benefit of on-campus live interactive instruction and an on-campus educational services and access throughout the semester.

25.    Plaintiff and the University entered into a contractual agreement where Plaintiff would provide payment in the form of tuition and fees and Defendant, in exchange, would provide in-person and on-campus educational services, experiences, and opportunities.

26.    Prior to Plaintiff's enrollment, the University highlighted in marketing materials, advertisements, and other documents that in-person and on-campus educational services were invaluable to Plaintiff's educational experience.

27.    Defendant offered these services to Plaintiff in exchange for her enrollment.

28.    Defendant offered these services to Plaintiff in exchange for her registration of classes during various semesters during her enrollment, including during Spring 2020. Plaintiff enrolled in classes that were designated in official University policy documents as in-person or on-campus classes.

29.    Plaintiff made payments to the University based on promises by Oglethorpe in those documents in lieu of receiving education at other universities, colleges, or academic institutions – or enrolling in online only universities.

30.    During the middle of March 2020, the University announced that all in-

person classes were to be suspended and transitioned to the alternative delivery modality of online-only learning.

31.     Throughout March 2020, the University made public announcements adjusting educational services and opportunities that affected Plaintiff and the Class.

32.     The University did not hold any in-person classes from March 16, 2020 through the end of the Spring 2020 semester for students. All classes since March 16, 2020 through the end of the Spring 2020 semester were only offered in a remote online format with no in-person instruction or interaction.

33.     Most of the services for which the Mandatory Fees were assessed were also terminated or cancelled at or about this time, such as access to University health and wellness facilities, programs or services; fitness facilities; and student events and sports.

34.     Oglethorpe has not provided reimbursement or refund information regarding tuition or the Mandatory Fees.

35.     Students attending Oglethorpe's Spring 2020 semester did not choose to attend an online-only institution of higher learning, but instead chose to enroll in the University's in-person educational programs – with the understanding that Oglethorpe would provide in-person educational opportunities, services, and experiences.

36.     On its website, in documents available to students (or prospective

students) like Plaintiff, and in marketing materials, Oglethorpe markets its University's on-campus experience, services, access, and opportunities as a benefit to students.

37.    However, that is not what students, including Plaintiff, received during the Spring 2020 semester.

38.    After the University converted to online only learning, the online learning options supplied to Oglethorpe's students were materially different in practically every aspect as compared to what the educational experience, services, and access afforded Plaintiff and the members of the Class once was. During the online portion of the Spring 2020 semester, Oglethorpe used programs by which previously recorded lectures were posted online for students to view on their own or by virtual Zoom meetings. Therefore, there was a lack of classroom interaction among teachers and students, and among students that material to what Plaintiff and students paid for.

39.    The online formats used by Oglethorpe do not require memorization or the development of strong study skills given the absence of any possibility of being called on in class and the ability to consult books and other materials when taking exams. Further, the ability to receive a Pass-Fail grade rather than a letter grade provides educational leniency that the students would not otherwise have with the in-person letter grading education that was paid for and expected.

40.     Students, like Plaintiff, have been deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique.

41.     Students like Plaintiff were denied access to facilities such as libraries, laboratories, computer labs, recitations, and study rooms, which are integral to a college education.

42.     Students like Plaintiff were denied access to campus activities and services, which fosters intellectual and academic development and independence, and networking for future careers.

43.     Oglethorpe priced the tuition and Mandatory Fees based on the in-person educational services, opportunities, access, and experiences it promised to provide on campus.

44.     The University has not made any refund of any portion of the tuition Plaintiff and the members of the Class paid for the semesters affected by COVID-19.

45.     The University has not refunded any portion of the Mandatory Fees it collected from Plaintiff and the members of the Class for the affected semester even though it closed or ceased operating the services and facilities for which the Mandatory Fees were intended to pay.

46.     Plaintiff and the Class members are therefore entitled to a prorated refund of the tuition and Mandatory Fees they paid for the Spring 2020 semester for

the remaining days of that semester after classes moved from in-person to online and facilities were closed.

47.     Defendant's practice of failing to provide reimbursements for tuition and Mandatory Fees despite the diminished value of the education and other experiences that it provided, and the reduced benefits associated with the fees, as alleged herein, violates generally accepted principles of business conduct.

## CLASS ACTION ALLEGATIONS

48.     Plaintiff brings this case individually and, pursuant to Fed. R. Civ. P. 23, on behalf of the class defined as:

> All Oglethorpe students who satisfied their payment obligations for the Spring Semester 2020 tuition and/or Mandatory Fees and enrolled in at least one in-person on-campus class (the "Class").

49.     Plaintiff reserves the right to modify or amend the definition of the proposed Class if necessary before this Court determines whether certification is appropriate.

50.     This action has been brought and may properly be maintained on behalf of the Class proposed herein under the criteria of Fed. R. Civ. P. 23 and other statutes and case law regarding class action litigation in the State of Georgia.

51.     The Class is so numerous that joinder of all members is impracticable. Although the precise number of Class members is unknown to Plaintiff, the University has reported that an aggregate of 1,500 or more undergraduate and

graduate students were enrolled for the 2019-2020 school year. The names and addresses of all such students are known to the University and can be identified through the University's records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice.

52.     The questions here are ones of common or general interest such that there is a well-defined community of interest among the class members. These questions predominate over questions that may affect only individual members of the classes because Oglethorpe has acted on grounds generally applicable to the classes.  Such common legal or factual questions include, but are not limited to:

a) Whether the University accepted money from Plaintiff and the Class members in exchange for the promise to provide an in-person and on-campus live education, as well as certain facilities and services throughout the semesters affected by COVID-19;

b) Whether Defendant breached its contracts with Plaintiff and the members of the Class by failing to provide them with an in-person and on-campus live education after March 16, 2020;

c) Whether Defendant breached its contracts with Plaintiff and the Class by failing to provide the services and facilities to which the Mandatory Fees pertained after mid-March 2020;

d) Whether Defendant breached the covenant of good faith and fair dealing with Plaintiff and the members of the Class by failing to provide them with an in-person and on-campus live education after March 16, 2020;

e) Whether Defendant breached the covenant of good faith and fair dealing with Plaintiff and the members of the Class by failing to provide

the services and facilities to which the Mandatory Fees pertained after mid-March 2020; and

   f) The amount of damages and other relief to be awarded to Plaintiff and the Class members.

53.   Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff and the other Class members each contracted with Defendant for it to provide an in-person and on-campus live education for the tuition they paid and the services and facilities for the Mandatory Fee that they paid, that the University stopped providing in mid-March.

54.   Plaintiff is a more than adequate class representative. In particular:

   a) Plaintiff is committed to the vigorous prosecution of this action on behalf of herself and all others similarly situated and has retained competent counsel experienced in the prosecution of class actions and, in particular, class action litigation;

   b) Plaintiff's interests do not conflict with the interests of the other Class members who she seeks to represent;

   c) Plaintiff anticipates no difficulty in the management of this litigation as a class action; and

   d) Plaintiff's legal counsel has the financial and legal resources to meet the substantial costs and legal issues associated with this type of litigation.

55.   Class members' interests will be fairly and adequately protected by Plaintiff and her counsel.

56.   It is impracticable to bring members' of the Class individual claims

before the Court. Class treatment permits a large number of similarly situated persons or entities to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, expense, or the possibility of inconsistent or contradictory judgments that numerous individual actions would engender. The benefits of the class mechanism, including providing injured persons or entities with a method for obtaining redress on claims that might not be practicable to pursue individually, substantially outweigh any difficulties that may arise in the management of this class action.

57.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The damages or financial detriment suffered by individual Class members are relatively small compared to the burden and expense of individual litigation of their claims against the University. It would, thus, be virtually impossible for the Class, on an individual basis, to obtain effective redress for the wrongs committed against them. Furthermore, individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the

circumstances.

58.     Plaintiff also seeks class certification for injunctive and declaratory relief under Fed. R. Civ. P. 23(b)(2) and (b)(3), at the appropriate juncture.

## FIRST CLAIM FOR RELIEF
### BREACH OF CONTRACT
### (On Behalf of Plaintiff and the Class)

59.     Plaintiff repeats and re-alleges the factual allegations above, as if fully alleged herein, including those made in paragraphs 1 through 58 above.

60.     Plaintiff brings this claim individually and on behalf of the members of the Class.

61.     By paying the University tuition and the Mandatory Fees for the Spring 2020 semesters, the University agreed to, among other things, provide an in-person and on-campus live education as well as the services and facilities to which the Mandatory Fees they paid pertained throughout those semesters.  As a result, Plaintiff and each member of the Class entered into a binding contract with the University.

62.     Oglethorpe has held that its in-person educational opportunities, experiences, and services are of substantial value.

63.     Oglethorpe has agreed to provide in-person educational opportunities, experiences, and services to enrolled students.

64.     Oglethorpe has promoted its in-person educational services as being

valuable to students' educational experiences and their develop.

65.     In marketing materials and other documents provided to the Named Plaintiff, the Defendant promoted the value of the in-person education experiences, opportunities, and services that the Defendant provided.

66.     The Defendant provided Plaintiff with an acceptance letter that the Plaintiff accepted based on the promise of in-person educational experiences, opportunities, and services that the Defendant would provide.

67.     In return for enrollment, registration and payment of tuition and Mandatory Fees related to the same, Oglethorpe agreed to, among other things, provide an in-person and on-campus educational services and access to facilities like labs, libraries, study rooms, and other facilities to which the Mandatory Fees paid pertained to throughout the semester.

68.     As a result, Plaintiff and each member of the Class entered into a binding contract with the University.

69.     Plaintiff and each member of the Class entered into a contract to attend Oglethorpe when they accepted the school's offer of enrollment after submitting an application for in-person and on-campus educational services and experiences.

70.     Plaintiff and Class members entered into a contractual agreement with Defendants for the provisions of in-person and on-campus educational services for the Spring 2020 semester, Plaintiff and Class Members viewed the course catalog

and course details to make specific course selections prior to registering and paying tuition and Mandatory Fees for those selected courses. Defendant's course catalog constitutes an offer to enter a contractual agreement.

71.    The course catalog and course details provided Plaintiff and Class members with information regarding the courses offered, the instructor, the days and times during which the courses would be held, the delivery method, and the location in which the courses would be held.

72.    Upon information and belief, other students selected their course schedules because of the delivery method and the course location.

73.    Plaintiff was not provided with a in-person delivery method and did not have access to the campus for those classes, labs, libraries, or other educational services.

74.    Terms of the contractual agreement were set forth in publications from Oglethorpe, including on its website and marketing materials, the application for admission submitted by Plaintiff and Class members, the acceptance letters received by Plaintiff and the Class, the course catalog and course listings, student portal, the history of past performance of providing in-person on-campus access and educational services, and other documents detailing the obligations of both sides.

75.    The terms of the agreement required the following: Plaintiff was to provide payment of tuition and Mandatory Fees, and the University was obligated

to provide in-person and on-campus educational services.

76.    Defendant "offered" these in-person and on-campus educational services, opportunities, and access.

77.    Plaintiff, like other students, accepted the terms of service for in-person and on-campus educational services in exchange for payment of tuition and Mandatory Fees.

78.    The University has breached its contract with Plaintiff and the Class by failing to provide the promised in-person and on-campus live education as well as the services and facilities to which the Mandatory Fees pertained throughout the semesters affected by COVID-19, yet has retained monies paid by Plaintiff and the Class for a live in-person education and access to these services and facilities during these semesters.

79.    Plaintiff and the members of the Class have therefore been denied the benefit of their bargain.

80.    Plaintiff and members of the Class have performed all of the obligations on them pursuant to their agreement – including by making such payments or securing student loans or scholarships to pay for such education.

81.    Plaintiff and the members of the Class have suffered damage as a direct and proximate result of the University's breach in the amount of the prorated portion of the tuition and Mandatory Fee they each paid during the portion of time the

semesters affected by COVID-19 in which in-person classes were discontinued and facilities were closed by the University.

82.    The University should return such portions of the tuition and Mandatory Fees to Plaintiff and each Class member.

83.    Therefore, the University should return a *pro rata* share of the tuition and Mandatory Fee to Plaintiff and each Class Member that related to those in-person educational services that were not provided after the University shut down on or around March 16, 2020 and the Court should provide declaratory and injunctive relief as appropriate.

## SECOND CLAIM FOR RELIEF
## UNJUST ENRICHMENT
### (Pled in the Alternative)
### (On Behalf of Plaintiff and the Class)

84.    Plaintiff incorporates the allegations by reference as if fully set forth herein, including those made in paragraphs 1 through 58 above.

85.    By paying Defendant tuition and the Mandatory Fees for the Spring 2020 semester, Plaintiff and the Class Members conferred a benefit to Defendant in exchange for which Defendant agreed to, among other things, provide an in-person and on-campus live education as well as the services and facilities to which the Mandatory Fees they paid pertained throughout those affected semesters.

86.    Defendant has retained the benefits of the amount of tuition and fees that Plaintiff and the Class Members have provided – without providing the benefits

that Plaintiff and the Class Members are owed.

87.    For example, Defendant failed to provide Plaintiff and Class Members access to any on-campus facility after March 16, 2020. Yet Defendant assessed Plaintiff and the Class with tuition and fees that covered the cost of upkeep and maintenance of such facilities, services, costs, and expenses.

88.    Plaintiff and the Class were not able to access such facilities or services remotely.

89.    Plaintiff and the Class paid tuition and fees with the expressed understanding that such costs included the in-person classes, services, opportunities, and experiences that Oglethorpe has previously marketed, promoted, or made available prior to COVID-19.

90.    Defendant has been unjustly enriched by Plaintiff's and the Class's payment of tuition and fees.

91.    Despite not being able to provide such services, Defendant failed to provide reimbursements for tuition and fees despite the diminished value of the education and other experiences that it provided, and the reduced benefits associated with the fees.

92.    Plaintiff and members of the Class have sustained monetary damages as a result of each of Defendant's breaches of the covenant of good faith and fair dealing.

93.     It is unjust for Defendant to keep money for services it did not render.

**THIRD CLAIM FOR RELIEF**
**EXPENSES OF LITIGATION (O.C.G.A. § 13-6-11)**
**(On Behalf of Plaintiff and the Class)**

94.     Plaintiff incorporates the allegations by reference as if fully set forth herein, including those made in paragraphs 1 through 93 above.

95.     Defendant has acted in bad faith and caused Plaintiff and the Class unnecessary trouble and expense by failing to provide services for which Plaintiff and the Class have paid and by failing to refund the tuition and fees paid by Plaintiff and the Class.

96.     Plaintiff and the Class are entitled to expenses of litigation, including reasonable attorneys' fees and costs, pursuant to O.C.G.A. § 13-6-11.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of Plaintiff and the Class against Defendant as follows:

(a)     For an order certifying the Class under Fed. R. Civ. P. 23 and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

(b)     For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

(c)     For damages in an amount to be determined by the trier of fact;

20

(d)   For an order compelling disgorgement of the ill-gotten gains derived by Defendant from its misconduct;

(e)   For an order of restitution and all other forms of equitable monetary relief;

(f)   For an order awarding expenses of litigation, including reasonable attorneys' fees, costs, and expenses;

(g)   For an order awarding pre- and post-judgment interest on any amounts awarded; and

(h)   For an order awarding such other and further relief as may be just and proper, including injunctive relief and declaratory relief.

## <u>DEMAND FOR TRIAL BY JURY</u>

Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Date: March 14, 2024

Respectfully submitted,

*/s/ Nicholas A. Colella*
Gary F. Lynch*
Nicholas A. Colella (GA Bar # 299972)
**LYNCH CARPENTER, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, Pennsylvania 15222
Telephone: 412-322-9243
Facsimile: 412-231-0246
gary@lcllp.com
nickc@lcllp.com

Michael A. Tompkins, Esq.*
Anthony Alesandro, Esq.*
**LEEDS BROWN LAW, P.C.**
One Old Country Road, Suite 347
Carle Place, NY 11514
(516) 873-9550
mtompkins@leedsbrownlaw.com
aalesandro@leedsbrownlaw.com

*Counsel for Plaintiff and Proposed
Class*

**Pro hac vice* admission forthcoming